# Supreme Court of the Navajo Nation

**Herman Silver, Appellant,**

v.

**Marie Keyonnie, Appellee.**

**Decided February 26, 1991**

## OPINION

Before TSO, Chief Justice, BLUEHOUSE and AUSTIN, Associate Justices.

Albert Hale, Esq., Window Rock, Navajo Nation (Arizona), for the Appellant; and John A. Chapela, Esq., Window Rock, Navajo Nation (Arizona), for the Appellee.

Opinion delivered by AUSTIN, Associate Justice.

This is an appeal taken by Herman Silver ("appellant") from a final order of the Window Rock District Court, dated October 3, 1991, recognizing and enforcing a support decree entered by the 13th Judicial District Court of the State of New Mexico; finding that appellant had failed to comply with the support decree; awarding $7,365.00 in delinquent child support to Marie Keyonnie ("appellee"); and ordering the garnishment of appellant's wages at Pittsburg & Midway Coal Mining Company.

Appellee has filed a motion to dismiss the appeal, citing appellant's failure to timely file his opening brief pursuant to Rule 12(c) of the Navajo Rules of Civil Appellate Procedure ("NRCAP"). Based upon our review of the requisites for perfection of an appeal and of the procedural history of this appeal, we grant appellee's motion to dismiss.

## I

The pertinent procedural facts are as follows: The Window Rock Family Court filed its order on October 3, 1990. Appellant timely filed his notice of appeal on November 2, 1990. On December 11, 1990, pursuant to NRCAP 10(b), a notice of docketed appeal was sent, by certified mail, to each counsel for the parties. Appellant then had thirty-seven days from the date the court clerk mailed the notice, or until January 17, 1991, to file his opening brief. NRCAP 12(a), as adjusted by NRCAP 5(c); *Begay v. Begay*, 6 Nav. R. 120 (1989).

On January 7, 1991, appellant's counsel petitioned this Court for an extension, to January 14, 1991, on the time to file appellant's brief, citing the physical inca-

pacity of his secretary. The extension was granted, and appellant was given until January 16, 1991, to file his brief. On January 14, 1991, counsel for appellant petitioned this Court for a second extension, to January 21, 1991, on the time for filing appellant's brief. Once again appellant's counsel cited his secretary's health as "good cause." The second extension was granted, and appellant was allowed until January 28, 1991, to file his brief.

At approximately 5:15 p.m. on January 28, 1991, counsel for appellant attempted to file appellant's brief with this Court. It being past closing time for the Court, appellant's counsel was informed that the brief would not be accepted for filing that day. Appellant's counsel returned January 29, 1991, and filed the brief.

Appellant has responded to appellee's motion to dismiss by asking this Court to permit the late filing and to review the appeal on its merits.

## II

Appellant's plea to ignore his tardiness and to consider his appeal on its merits is not new to this Court. We considered the same problem in *Begay v. Begay*, *id.* There, the appellant filed his brief two days late, without explanation for its untimeliness, and the appellee, two weeks later, successfully motioned this Court to dismiss the appeal.

In *Begay*, we extensively reviewed the reasons for strictly holding the parties to the briefing schedule. There, we found that "a filing deadline is not a target date, but an integral element of the adversarial process which requires close scrutiny by the litigants involved." *Id.* at 121, citing *Riverside Service Station v. Eddie*, 5 Nav. R. 135, 136 (1987). We also found that "[j]ustice, fairness to all litigants, and judicial efficiency demand" that, absent a showing of "good cause," violations of the procedural rules will be construed as evidence of a lack of good faith and as an adequate basis for dismissal of the appeal. *Id.* Consequently, we established the following rule: "This Court has discretionary authority to accept a brief that is filed late. Absent a showing of good cause for the untimely submission, however, the appeal will be dismissed." *Id.* at 122.

In *Begay*, the appellant did not even respond to the appellee's motion to dismiss for untimeliness, leaving us with no possibility of finding "good cause" upon which we could exercise discretion to consider the appeal on its merits. Here, that is not the case. Appellant has responded to appellee's motion to dismiss. However, it takes no more than a cursory examination of appellant's response to conclude that the requisite "good cause" to deny appellee's motion has not been shown.

Appellant claims that his counsel attempted to file his brief on the day it was due, January 28, 1991, but was rebuffed by Court personnel. In carefully deleting any mention of when — what hour of the day — his attorney approached the Court, appellant insinuates that the filing would have been timely, save for the

absence of key Court personnel. That clearly was not the case. As we have stressed before, this Court accepts filing *only* during the normal business hours of eight o'clock in the morning to five o'clock of that afternoon, and "no pleading of any sort is accepted for filing after five o'clock in the afternoon." *Viva Rancho Motors, Inc. v. Tully*, 5 Nav. R. 145, 146 (1987). Appellant's counsel came to the door of the court fifteen minutes after closing. That being the case, appellant's complaint that his brief was untimely because the doors of the Court were shut to him is without merit.

Appellant offers no other explanation for the untimeliness of his brief which we could use to find "good cause" for ignoring his tardiness. Upon appellant's counsel's claim of illness in his office, we exercised our discretion for appellant, not once, but twice, and allowed him extra weeks to prepare his brief. Indeed, our second order extended the timeframe for appellant a full week beyond the date he himself requested. But we have been offered no persuasive, nor even plausible, reason for the type of procrastination which led to the arrival of his counsel at the Court's door fifteen minutes after closing.

We find that appellant's response to appellee's motion to dismiss fails entirely to provide any basis upon which we could find "good cause" for the untimely filing of appellant's brief. Lacking that prerequisite for a favorable exercise of our discretion, we cannot hear his appeal on the merits.

Appellant's appeal is DISMISSED.